UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BENJAMIN FLORES AGUILAR, et al.,

    Plaintiffs,

-against-

HEE KANG, et al.,

    Defendants.

16-CV-9822 (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge**.

Before the Court is a proposed settlement in a wage and hour action brought by plaintiffs Benjamin Flores Aguilar, Santiago Hernandez, Daniel Mejia, Ricardo Ponce Pascual, Abel Perez Garcia, and Venancio de Santiago against defendants Hee Kang, 47 Corner Market Corp., and 47 JH Corner Market Corp. (d/b/a 47 Gourmet Market). Plaintiffs allege that they were employed as deli workers in various positions at defendants' deli and that defendants violated the Fair Labor Standards Act (FLSA) and the New York Labor Law (NYLL) by failing to pay minimum wages, overtime, and spread of hours pay, making unlawful deductions from plaintiffs' wages, and failing to provide proper wage notices and weekly wage statements.

The parties, on their own accord, agreed to resolve their dispute. On July 31, 2017, they consented to my jurisdiction for all purposes pursuant to 28 U.S.C. §636(c). *See* Dkt. No. 21. On August 17, 2017, the parties submitted their proposed settlement agreement for approval pursuant to *Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015), *cert. denied*, 136 S. Ct. 824 (2016). *See* Dkt. No. 23 (Joint Letter). During a teleconference on September 18, 2017, I directed the parties to submit a revised proposed settlement agreement, which they did. *See* Dkt. No. 25-1 (Agreement).

The Agreement requires defendants to pay $100,000 in full settlement of plaintiffs' claims over a thirteen month period. Ag. ¶ 1.[1] It also includes a release by plaintiffs of any FLSA and NYLL claims against defendants and their parents, subsidiaries, and affiliates arising out of plaintiffs' employment with defendants through the date of the Agreement. *Id.* ¶ 2

After careful consideration of the parties' submissions, the Court concludes that the terms of the Agreement are fair and reasonable.

## ANALYSIS

Settlements that dismiss FLSA claims with prejudice require approval of the district court or the Department of Labor. *See Cheeks*, 796 F.3d at 206. Before a district court enters judgment in such a case, it must scrutinize the settlement to determine that it is "fair and reasonable." *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). In making that determination, the Court must consider the totality of the circumstances, including, but not limited to the following factors:

> (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Id.* (citing *Medley v. Am. Cancer Soc.*, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)). For the reasons that follow, I find that the Agreement in this action is fair and reasonable.

---

[1] Benjamin Flores Aguilar will receive $11,265, Santiago Hernandez will receive $11,265, Daniel Mejia will receive $13,518, Ricardo Ponce Pascual will receive $18,024, Abel Perez Garcia will receive $15,020, and Venancio de Santiago will receive $6,008. *See* Joint Ltr. at 5.

2

## I. NEGOTIATIONS AND FINANCIAL TERMS

Applying the *Wolinsky* factors, the Court is satisfied that the financial terms of the settlement are fair and reasonable. There is no evidence that the settlement was the result of collusion or fraud. The parties note that the settlement was the product of several arm's-length negotiations and discussions as well as two mediation sessions with a court-appointed mediator. Joint Ltr. at 2, 4.

The gross settlement amount of $100,000 is reasonable in light of plaintiffs' litigation risks and the parties' estimates of defendants' potential liability. The central issues in this case are said to be genuinely in dispute, including (a) the number of hours that plaintiffs actually worked; (b) whether plaintiffs were paid for all hours worked, including overtime; and (c) what rates each plaintiff should have been paid for his overtime hours. Joint Ltr. at 3-4. The parties also note that defendants' deli has closed, making plaintiffs' likelihood of a recovery following a favorable judgment uncertain. *Id.* at 4. Settlement at this juncture thus permits each party to avoid the risk of an adverse result, as well as the "anticipated burdens and expenses" of continued litigation. *Wolinsky*, 900 F. Supp. 2d at 335. Finally, in their joint letter requesting approval of the settlement, the parties state that the settlement amount that will be paid to plaintiffs (after costs and attorneys' fees) represents approximately 82.3% of the plaintiffs' estimated unpaid wages. *Id.* at 5. On this basis, I am satisfied that the settlement amount falls within "the range of [plaintiffs'] possible recovery." *Wolinsky*, 900 F. Supp. 2d at 335.

## II. RELEASES

Plaintiffs' release is limited to claims against defendants, their parents, subsidiaries, and affiliates arising under the FLSA and the NYLL "for the acts or omissions complained of in the Action" through the effective date of the Agreement. Ag. ¶ 2. This release, which was negotiated

by competent counsel, appears fair and reasonable. *See Pligza v. Little Poland Rest. Inc.*, 2016 WL 9307474, at *6 (S.D.N.Y. July 18, 2016) (noting types of release provisions approved by judges in this District in wage and hour cases).

### III.   ATTORNEYS' FEES AND COSTS

Plaintiffs' counsel seeks reimbursement for the $400 filing fee required to initiate this action. *See* Joint Ltr. at 4. This cost is commonly reimbursed by courts in this District, and is reasonable. *See Hernandez v. JRPAC Inc.*, 2017 WL 66325, at *2 (S.D.N.Y. Jan. 6, 2017).

Finally, the attorneys' fee award appears to be reasonable in the context of this action. Counsel seeks $24,900 as a fee, which is twenty-five percent of the net settlement amount of $99,600. *See Zhang v. Lin Kumo Japanese Rest. Inc.*, 2015 WL 5122530, at *4 (S.D.N.Y. Aug. 31, 2015) ("barring unusual circumstances," a fee "in excess of one-third of the settlement amount disserves the FLSA's important interest in fairly compensating injured plaintiffs"). In support of the fee request, counsel asserts that plaintiffs agreed to a contingency fee of one-third of the total settlement amount (which counsel then agreed to reduce to twenty-five percent), and submitted a detailed timesheet showing that five individuals (with hourly rates ranging from $450 to $100) worked a total of 115.15 hours on plaintiffs' case, for a total bill of $27,397.50. *See* Joint Ltr. at 6 and Ex. B (time records).

This Court's practice, even in non-class cases, is to review counsel's billing records to ensure that a seemingly reasonable contingency agreement is not, in fact, unreasonable in light of any unusual circumstances or unique features of the case. *See, e.g., Zhang*, 2015 WL 5122530, at *2-4 (reviewing reasonableness of counsel's fees under both the lodestar and the percentage-of-recovery method); *Velasquez v. Safi-G, Inc.*, 137 F. Supp. 3d 582, 586 (S.D.N.Y. 2015) (rejecting one-third contingency fee as unreasonable where, among other things, little work was done prior

4

to settlement and "nearly half" was done "after counsel had already been paid"). In this case, the billing records raise no such concerns.

## CONCLUSION

Having found that the Agreement is fair and reasonable, as required by *Cheeks*, 796 F.3d at 206, the Court approves the parties' settlement. It is hereby **ORDERED** that this action is **DISMISSED** with prejudice and without costs. The Clerk of the Court is directed to close the case.

Dated: New York, New York
       October 13, 2017

SO ORDERED.

_____
**BARBARA MOSES**
**United States Magistrate Judge**